UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ULDIS SPROGIS ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 6:13-CV-365-ORL-19KRS |
| SUNTRUST BANK, INC., a corporation; ) | |
| and DOES 1 – 10, inclusive, ) | |
| ) | |
| Defendant. ) | |

FILED 2013 MAR -4 PM 3:36

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Uldis Sprogis (Plaintiff), an individual consumer, against Suntrust Bank, Inc. (Defendant) for violations of the Florida Consumer Collection Practices Act, Florida Statutes §§ 559.55-559.785 (FCCPA) and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Plaintiff also alleges a state law tort for intrusion upon seclusion.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Uldis Sprogis, is an individual residing in Ormond Beach, Volusia County, Florida 32174. Plaintiff is a natural person allegedly obligated to pay any debt and is thus a "debtor" or "consumer" as defined by FLA. STAT. § 559.55(2).

4. Defendant, Suntrust Bank, Inc. is a corporation with its principal place of business located at 303 Peachtreet Street, Atlanta, Georgia 30308. Defendant engages in the collection of debts from consumers in several states, including Florida, using the mail and telephone. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. Defendant is a "debt collector" as defined by FLA. STAT. § 559.55(6).

5. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

6. At all times relevant to this action, Defendant was acting as a debt collector with respect to the collection of an alleged debt owed by Plaintiff.

7. Within one year prior to the filing of this action, Defendant attempted to collect from Plaintiff an obligation or alleged obligation to pay money arising out of a transaction in which money, property, insurance, or services are primarily for personal, family, or household purposes and as such is a "debt" or "consumer debt" as defined by FLA. STAT. § 559.55(1) (alleged debt).

8. Within one year prior to the filing of this action, Defendant called Plaintiff from telephone number (877) 654-9211 for the purpose of collecting the alleged debt.

9. Within one year prior to the filing of this action, Defendant regularly called Plaintiff's cell phone number (386) 451-0374 for the purpose of collecting the alleged debt. Upon information and belief, Defendant constantly called Plaintiff for the purpose of collecting the

alleged debt. Upon information and belief, Defendant called Plaintiff multiple times on the same day for the purpose of collecting the alleged debt.

10. The natural consequences of Defendants conduct in constantly calling Plaintiff was to willfully communicate with Plaintiff with such frequency as can reasonably be expected to harass the debtor.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress.

12. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

13. Upon information and belief, one year prior to the filing of this action, Defendant placed calls to Plaintiff using an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous phone calls to Plaintiff.

14. Plaintiff did not expressly consent to Defendant's telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to the placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A)

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE FCCPA

17. Plaintiff incorporates paragraphs 1 through 16.

18. Defendant violated FLA. STAT. § 559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaging in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of her or his family, in collecting a consumer debt.

## COUNT II
## VIOLATION OF THE TCPA

19. Plaintiff incorporates paragraphs 1 through 18.

20. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (B)(1)(a)(iii).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

21. Plaintiff incorporates paragraphs 1 through 20.

22. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to the invasions of individual privacy. *See* 15 U.S.C. § 1692(a)(emphasis added).

23. Defendant, intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

24. Defendant, intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

25. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

26. Defendant's intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Actual damages; and

    b.    Statutory damages; and

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Punitive damages; and

    e.    Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Uldis Sprogis demands trial by jury in this action.

Dated: February 25, 2013                      RESPECTFULLY SUBMITTED,

By: _____
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
Crumley & Wolfe PA
2254 Riverside Avenue
Jacksonville, Florida 32204
T: 904-374-0111
Fax: 904-374-0113
Email: ben@cwbfl.com
*Attorney for Plaintiff*