**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ULDIS SPROGIS,

    Plaintiff,

v.                                                      Case No. 6:13-cv-365-Orl-37KRS

SUNTRUST BANK and DOES 1–10,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Complaint and Demand for Jury Trial (Doc. 1), filed March 4, 2013;

2. Defendant Suntrust Bank, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim, or, Alternatively, for More Definite Statement (Doc. 7), filed April 24, 2013; and

3. Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11), filed May 8, 2013.

Upon consideration, the Court hereby grants in part and denies in part the motion to dismiss, for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that Defendant called Plaintiff's cell phone repeatedly in an attempt to collect on a debt. (Doc. 1, ¶¶ 6–16.) Accordingly, Plaintiff brought the instant suit, alleging: (1) a violation of the Florida Consumer Collection Practices Act (FCCPA); (2) a violation of the Telephone Consumer Protection Act (TCPA); and (3) the state law

tort of intrusion on seclusion. (*Id.* ¶¶ 17–26.)

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations" in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. FCCPA

A debt collector violates the FCCPA if it "[w]illfully communicate[s] with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . . ." Fla. Stat. § 559.72(7). Defendant argues that Plaintiff fails to state an FCCPA claim because Plaintiff does not allege the specific frequency of the calls. (Doc. 7, ¶ 8.) Plaintiff instead alleges that the calls were "constant[]" and made "multiple times on the same day." (Doc. 1, ¶ 9.)

An FCCPA claim does not require a specific frequency of calls—it only requires that the frequency, tone, and purpose of the calls be enough to constitute harassment. *See Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 676–77 (Fla. 1st DCA 1977) (noting that a precise quantification of call frequency is "artificial," and finding that whether the calls were made with such frequency as to be harassing was a fact issue for the jury).

2

Plaintiff has alleged that the calls were constant, made several times per day, and were frequent enough to cause Plaintiff emotional distress. At this early stage in the litigation, that is enough to state an FCCPA claim. Thus, the motion to dismiss the FCCPA claim is due to be denied.

## II.   TCPA

A debt collector violates the TCPA if it makes any call, without prior express consent, to any cell phone "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges that Defendant made calls to Plaintiff's cell phone without consent using an automatic dialer or prerecorded voice. (Doc. 1, ¶¶ 13–14.) Defendant argues that the TCPA claim should be dismissed because Plaintiff did not set forth the frequency of calls, the specific dates of the calls, and the phone number from which he received the calls. (Doc. 7, ¶¶ 13–14.) However, none of the cases to which Defendant cites supports the proposition that a plaintiff must name specific dates or call frequencies. *Cf. Manfred v. Bennett Law, PLLC*, No. 12-CV-61548, 2012 WL 6102071, at *2 (S.D. Fla. Dec. 7, 2012) (finding that a TCPA claim was adequately stated because the plaintiff "alleg[ed] that Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place the telephone calls to Plaintiff's cellular phone"). Indeed, such information is more likely to be in Defendant's records and accessible through discovery and should not therefore preclude the claim at this stage.

Plaintiff alleged the phone number from which he received the calls, his own cell phone number that was called, and the fact that the calls were made within the year prior to the filing of this suit. (Doc. 1, ¶¶ 8–9.) The Court finds this sufficient to put Defendant on notice of the charged conduct and to allow Defendant to "independently

3

verify if the number allegedly calling Plaintiff is one SunTrust uses, or if the number is one assigned to an automated recording." (Doc. 7, ¶ 14.) Therefore, the motion to dismiss the TCPA claim is due to be denied.

### III.     Intrusion on Seclusion

Defendant contends that it is unclear whether Plaintiff is claiming the state law tort of intrusion on seclusion or a claim based on the Fair Debt Collection Practices Act. (*Id.* ¶ 17.) As Plaintiff explicitly states that he brings "a state law tort for intrusion upon seclusion" (Doc. 1, ¶ 1), that argument is not well-taken.

One of the elements of intrusion is that the invasion of privacy must be "highly offensive to a reasonable person." *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1309 (M.D. Fla. 2010) (citing *Stoddard v. Wohlfahrt*, 573 So. 2d 1060, 1062–63 (Fla. 5th DCA 1991)). That offensiveness must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* (citation and internal quotation marks omitted).

While the spartan allegations in the Complaint state claims for FCCPA and TCPA violations, the Court cannot say that allegations of consistent phone calls, without more, are sufficiently outrageous to state an intrusion claim. *See Neeley v. Wells Fargo Fin., Inc.*, No. 8:12-cv-542-T-33AEP, 2012 WL 5949106, at *1 (M.D. Fla. Nov. 28, 2012) (dismissing an intrusion claim because the plaintiff's allegations of continuous "belligerent and . . . belittl[ing]" debt collection calls made to her cell phone and workplace were not sufficient to "satisfy Florida's outrageousness standard"); *Kent v. Harrison*, 467 So. 2d 1114, 1114–15 (Fla. 2d DCA 1985) (affirming a directed verdict in favor of a defendant who engaged in a "campaign of telephonic harassment in the aftermath of a verbal conflict" over the course of several months because it did not rise

to the requisite level of outrageousness); *Oppenheim*, 695 F. Supp. 2d at 1306 (granting summary judgment in favor of defendant who called the plaintiff multiple times per day, was belligerent, and threatened to file a lawsuit if the debt was not paid because the behavior was not sufficiently outrageous, despite being "annoying and bothersome"). The Court does not expect Plaintiff to have all of the necessary facts to prove up his claim at this time; however, Plaintiff must plead enough facts to plausibly demonstrate that Defendant's conduct went beyond "all possible bounds of decency." *Oppenheim*, 695 F. Supp. 2d at 1309. Something more than the repeated calls is required here. Therefore, the intrusion on seclusion claim is due to be dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Suntrust Bank, Inc.'s Motion to Dismiss Complaint for Failure to State a Claim, or, Alternatively, for More Definite Statement (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.

    a. The motion is **DENIED** as to the FCCPA and TCPA claims, which are adequately stated.

    b. The motion is **GRANTED** as to the intrusion claim, which is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff has leave to file an amended complaint on or before Tuesday, **June 25, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 5, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record